IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KK PATEL & SONS LLC<br>　　*Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 5:22-CV-1183-XR |
| AMGUARD INSURANCE COMPANY<br>　　*Defendant.* | §<br>§<br>§ | |

**DEFENDANT AMGUARD INSURANCE COMPANY'S
ADVISORY TO THE COURT WITH ANSWERS TO QUESTIONS
FROM STANDING ORDER [DOC.7]**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant AmGuard Insurance Company ("AmGuard" or "Defendant") files this Advisory to the United States District Court for the Western District of Texas, San Antonio Division, with answers to the questions posed in this Court's Standing Order [Doc. 7], and would respectfully show the Court as follows:

1.  QUESTION 3(a): The date on which the removing party was served with a summons and petition. If the Notice of Removal is filed more than thirty days after this date, explain why. If removal is based on "other paper," identify the paper (provide it if not already provided) and state the date on which it was received.

DEFENDANT'S ANSWER: Defendant AmGuard was served with a summons and petition on June 28, 2022. At that time, two individual defendants were also named (Carol Kolasz and David Nesbit) in the state lawsuit. The case did not become removable until after the 45th Judicial District of Bexar County dismissed individual Defendants Kolasz and Nesbit, at which time the only remaining parties to the lawsuit became diverse in citizenship. This order dismissing Kolasz and Nesbit from the state lawsuit, which was issued on October 12, 2022, is the "other

1

paper" upon which Defendant AmGuard files its Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division. (This order dismissing Kolasz and Nesbit was previously filed as part of Defendant's removal as Document No. 1-4). Defendant's Notice of Removal was filed on October 28, 2022 [Doc. 1], which was less than thirty (30) days after receipt of the October 12, 2022 order dismissing the individual defendants.

2. QUESTION 3(b): Identify whether any defendants who had been served prior to the time of removal are citizens of Texas.

DEFENDANT'S ANSWER: Defendant David Nesbit was a citizen of Texas. However, as stated above, he was dismissed from the state lawsuit on October 12, 2022 and was no longer a party prior to removal. Accordingly, there is diversity of citizenship between the only remaining parties to this lawsuit, namely Plaintiff and AmGuard.

The Fifth Circuit recently held, on October 3, 2022, in *Advanced Indicator and Manufacturing, Inc., v. Acadia Insurance Company; Nicolas Warren*, that an in-state defendant was improperly joined after the insurer made a post suit election of agent liability under Texas Insurance Code § 542A.006. Civil Action No. 4:18-CV-3059, at *6 (5th Cir., October 3, 2022). Texas Insurance Code section 542A.006 mandates an agent be dismissed with prejudice if the insurer elects to accept against liability for that agent. An insurer's election of agent liability defeats Plaintiff's possibility of recovery against the agent.

In *Flagg v. Stryker Corp.*, the Fifth Circuit held "the district court must examine the Plaintiff's possibility of recovery against a defendant at the time of removal." 819 F.3d 132, 137 (5th Cir. 2016). As in *Advanced*, AmGuard accepted agent liability after suit was filed, but before removal. Thus, removal here is proper, because at the time of this removal, Plaintiff can no longer recover against the improperly joined individual Defendant David Nesbit.

3. <u>QUESTION 3(c)</u>: Identify any defendant who had been served prior to the time of removal who did not formally join in the notice of removal and the reasons therefor (provide copies of written consents, if any, if not already on file).

<u>DEFENDANT'S ANSWER</u>: Defendants Carol Kolasz and David Nesbit were served prior to removal, but did not join in the removal because they had already been dismissed from the state lawsuit on October 12, 2022 [see Doc. 1-4] and were no longer parties at the time of removal on October 28, 2022. Accordingly, their consent or participation is not required.

4. <u>QUESTION 3(d)</u>: Was this case removed from one of the following counties: Atascosa, Bandera, Bexar, Comal, Dimmit, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, Real, or Wilson. If no, state what county it was removed from.

<u>DEFENDANT'S ANSWER</u>: This case was removed from Bexar County.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ J. Mark Kressenberg*
    J. Mark Kressenberg
    Texas State Bar No. 11725900
    mkressenberg@thompsoncoe.com
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

    Natalie D. Tarnosky
    Texas State Bar No. 24088507
    ntarnosky@thompsoncoe.com
    2801 Via Fortuna, Suite 300
    Austin, Texas 78746
    Telephone: (512) 703-5086

**ATTORNEYS FOR DEFENDANT,
AMGUARD INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following part(ies) in accordance with the Federal Rules of Civil Procedure:

George B. Murr
State Bar No. 00794348
murr@my-lawyers.com
4101 Washington Avenue
Houston, Texas 77007
Telephone: (713) 966-6141
Facsimile: (713) 588-2412

**ATTORNEY FOR PLAINTIFF**

                                                    */s/ J. Mark Kressenberg*
                                                      J. Mark Kressenberg